IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JAMES E. GREER                                                              PLAINTIFF

V.                                       NO. 14-3122

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration         DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, James E. Greer, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.     Procedural Background:**

Plaintiff filed his current applications for DIB and SSI on April 2, 2012, alleging an inability to work since March 13, 2012, due to his back, neuropathy, arthritis, heat exhaustion, and vision. (Tr. 205-211, 465, 469). An administrative hearing was held on July 11, 2013, at which Plaintiff appeared with counsel, and he and his wife testified. (Tr. 99-139).

By written decision dated December 16, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – degenerative joint disease, obesity, bilateral carpal tunnel syndrome, chronic obstructive

pulmonary disease, and status-post multiple heat exhaustion episodes. (Tr. 86). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 88). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). He is able to frequently perform handling and fingering. He is to avoid even moderate exposure to fumes, odors, dusts, gases, poor ventilation, and similar environments. He is to avoid extreme heat. He is limited to work involving simple, routine, and repetitive tasks involving only simple, work-related decision [sic], with few, if any workplace changes, and no more than incidental contact with co-workers, supervisors, and the general public.

(Tr. 88). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would not be able to perform his past relevant work, but there would be other jobs Plaintiff would be able to perform, such as poultry production; production line assembler; and sewing machine operator. (Tr. 92-93).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional information and denied that request on October 27, 2014. (Tr.1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6 ). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583

(8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe

3

physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920, abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520; §416.920.

### III.     Discussion:

Plaintiff raises the following issues in this matter: 1) Whether the ALJ erred in determining Plaintiff's severe impairments; 2) Whether the ALJ erred in his RFC determination; and 3) Whether the new evidence presented to the Appeals Council required remand of the case. (Doc. 9).

#### A.  Severe Impairments:

Plaintiff argues that the ALJ erred in failing to find Plaintiff's chronic back pain/degenerative disc disease a severe impairment at Step 2.  While the ALJ did not find Plaintiff's back pain was a severe impairment during the relevant time period, he clearly considered Plaintiff's back pain, noting that Plaintiff had complained of low back pain for many years prior to his alleged onset date of disability. (Tr. 91). The ALJ also noted that the MRI of Plaintiff's low back showed only minor degenerative changes, and that there was nothing his treating physician thought required orthopedic intervention. Finally, the ALJ noted that Plaintiff had been treated conservatively for many years with prescribed non-

4

steroidal anti-inflammatory medications. (Tr. 91). Where the ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify a particular impairment as "severe" at step two is harmless. Swartz v. Barnhart, 188 F3d. Appx. 361, 388 (6th Cir. 2006); Elmore v. Astrue 2012 WL 1085487 at *12 (E.D. Mo. Mar. 5, 2012); see also 20 C.F.R. §416.945(a)(2)((in assessing RFC, the ALJ must consider "all of [a claimant's] medically determinable impairments …, including … impairments that are not 'severe'"); §416.923 (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity"). Thus, even if the ALJ erred in failing to determine Plaintiff's back pain was severe at Step 2, it is not reversible error.

### B. Credibility Analysis:

With respect to the ALJ's credibility analysis, the ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). The Court finds there is substantial evidence to support the ALJ's credibility analysis.

### C. RFC Determination:

Plaintiff argues that the ALJ's RFC determination does not provide appropriate limitations, given Plaintiff's left shoulder pain and carpal tunnel syndrome. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

The ALJ noted that x-rays of Plaintiff's hands in 2010 showed degenerative osteoarthritis changes and that nerve conduction studies performed in July of 2011 showed right carpal tunnel syndrome with sensory neuropathy. (Tr. 90). The ALJ further reported that Plaintiff received a steroid injection in the carpal canal in July of 2011, with reported relief of his symptoms, and that Plaintiff stated he did not want to have surgery. (Tr. 90, 549,

6

551). On May 24, 2013, Plaintiff saw Dr. Merwin Moore for his right carpal tunnel syndrome, and underwent a regional block in his clinic. (Tr. 779). The ALJ concluded that Plaintiff's carpal tunnel syndrome was treated successfully with steroid injections and only recently underwent release on the right hands. (Tr. 91).

The Court finds it noteworthy that in a May 10, 2012, Medical Exam Report for Commercial Drive Fitness Determination, Plaintiff indicated he had "no limitations" and the doctor completing the form indicated Plaintiff "meets standards, but periodic evaluation required" due to blood pressure. (Tr. 647, 649). Nothing was noted regarding limitations with Plaintiff's shoulder or from carpal tunnel syndrome.

On June 12, 2012, non-examining physician, Dr. Karmen Hopkins, completed a physical RFC Assessment, wherein she found inter alia, that no manipulative limitations were established. (Tr. 611). On October 1, 2012, Plaintiff reported that he drove, shopped, hunted three to four times a year if he could ride his 4-wheeler, fished one to two times a year and had to be able to sit often, and performed gunsmithing, as long as he could work sitting.[1] (Tr. 493-494). On November 2, 2012, Dr. Clarence Ballard affirmed Dr. Hopkins' decision. (Tr. 668). On May 24, 2013, Dr. Merwin Moore noted that Plaintiff reported he "had numbness for years." (Tr. 779). However, Plaintiff was able to perform medium work for several years.

The Court believes the evidence does not establish that Plaintiff's shoulder pain and carpal tunnel syndrome resulted in functional limitations lasting or expecting to last a duration of twelve months, beyond the functional limitations restricting Plaintiff to the range

---

[1] The Court notes that at the hearing held on July 11, 2013, Plaintiff testified that he had to stop the gunsmithing, although he continued to fill in for the gunsmith boss when he needed to go places. (Tr. 108).

7

of the ALJ's RFC determination, and that there is substantial evidence to support the ALJ's RFC determination.

### D.  New Evidence Submitted to Appeals Council:

Plaintiff argues that the Appeals Council failed to remand the case once it received the medical evidence from September 2014. Subsequent to the ALJ's decision dated December 16, 2013, Plaintiff submitted numerous medical records, dated August 8, 2014, through September 5, 2014, from Baxter Regional Medical Center, and dated September 4, 2014 through September 29, 2014, from White River Medical Center. The Appeals Council looked at the records, and concluded that the new information was about a later time. (Tr. 2). Therefore, the Appeals Council found the subsequent records did not affect the decision about whether Plaintiff was disabled beginning on or before December 16. 2013. (Tr. 2).

The new records submitted to the Appeals Council relate to the fact that Plaintiff apparently suffered a stroke, at least eight months after the ALJ's decision. "[T]he Appeals Council must consider evidence submitted with a request for review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" Box v. Shalala, 52 F.3d 168, 171 (8th Cir. 1995)(quoting Williams v. Sullivan, 905 F.2ds 214, 216-17 (8th Cir. 1990). "An implicit requirement is that the new evidence pertain to the time period for which benefits are sought, and that it not concern later acquired disabilities or subsequent deterioration of a previously non-disabling condition." Jones v. Callahan, 122 F.3d 1148, 1154 (8th Cir. 1997).  In addition, "[a]dditional evidence showing a deterioration in a claimant's condition significantly after the date of the Commissioner's final decision is not a material basis for remand, although it may be grounds

8

for a new application for benefits." Id. Plaintiff's stroke involved a series of incidents occurring some eight months after the ALJ's decision. Accordingly, the Court finds the new evidence does not warrant a remand.

### E.  Hypothetical Question to VE:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court also finds that the hypothetical questions the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing such jobs in poultry production, production line assembler, and sewing machine operator. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### IV.  Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 18th day of February, 2016.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE